CAUSE NO. 2012-08-08293

| | | |
|---|---|---|
| RESERVOIR, INC. AND | § | IN THE DISTRICT COURT |
| MOHAMMAD AYMAN JARRAH | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | OF MONTGOMERY COUNTY, |
| TEXAS | | |
| JUSTIN Z. TRUESDELL, | § | |
| RAINBOW CATTLE CO., INC., | § | |
| REBELS HONKY TONK LLC, AND | § | |
| 26710 NORTH I45 LIMITED | § | |
| PARTNERSHIP | § | |
| Defendants. | § | 9th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Comes Now, Reservoir, Inc. and Mohammad Ayman Jarrah ("Plaintiffs") in the above-styled and numbered cause, and files this, their Original Petition against Justin Zack Truesdell, Rainbow Cattle Co., Inc., Rebels Honky Tonk LLC, and 26710 North I45 Limited Partnership (hereinafter referred to collectively as "Defendants") and would respectfully say and show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.3, discovery shall be conducted under Level 2.





Plaintiffs' EXHIBIT A

## II. PARTIES

2. Mohammad Ayman Jarrah, Plaintiff, is an individual located at 6202 Skyline Ste. 21, Houston, Texas, 77057.

3. Reservoir, Inc., Plaintiff, is a Texas Corporation, whose principal place of business is located in Harris County at 9950 Westpark Dr. Suite 415, Houston, Texas 77063.

4. Rainbow Cattle Company, Inc., Defendant, is a Texas corporation with a principal place of business at 5757 Westheimer Rd. Suite. 3161 c/o Kenneth Capital, Houston, Texas 77057 and can served with process through its registered agent, Justin Zack Truesdell at 5959 West Loop South, Suite 420, Bellaire, Texas 77401.

5. Rebels Honky Tonk LLC, Defendant, is a Texas Limited Liability Company with a principal place of business at 5757 Westheimer Road Suite 3161 c/o Kenneth Capital, Houston, Texas 77057 and can served with process through its registered agent, Justin Z. Truesdell at 10106 Keckley Drive, Houston, Texas 77075.

6. 26710 North I45 Limited Partnership, Defendant, is a Limited Partnership organized under the laws of Texas doing business at 26710 IH 45 North, Oak Ridge North, Texas 77386 and may be served with process by serving its registered agent Albert T. Van Huff at 1225 North Loop West Suite 640, Houston, Texas 77008.

7. Justin Zack Truesdell, Defendant, sued both as an individual and as General Partner for 26710 North I45 Limited Partnership, may be served with process at 26710 IH 45 North, Oak Ridge North, Texas 77386.

"Certified as to certification on signature page"

## III. JURISDICTION

8. This Court has personal jurisdiction over the Defendant 26710 North I45 Limited Partnership, which is doing business in Oak Ridge, Montgomery County, Texas. This Court has subject matter jurisdiction over the claims set forth below, including the claims for damages and injunctive relief. Plaintiff seeks to recover monetary damages and injunctive relief that exceed the minimum jurisdictional limits of the Court.

## IV. VENUE

9. Venue is proper in Oak Ridge North, Montgomery County, Texas, pursuant to section 15.002(a)(1) and (3) of the Texas Civil Practices and Remedies Code, because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Oak Ridge North, Montgomery County, Texas due to the acts of 26710 North I45 Limited Partnership. Pursuant to section 15.005 of the Texas Civil Practices and Remedies Code, venue is proper as to all other defendants as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

## V. FACTS

10. Since August of 2009, Plaintiffs have owned and operated a bar located at 5002 Washington Avenue, Houston, Texas 77007, known by the service mark REBELS HONKY TONK (the "Rebels Word Mark") and the following composite word and design mark:  (the "Rebels Composite Mark"). Plaintiffs will refer to the Rebels Word Mark and the Rebels Composite Mark collectively as the "Rebels Marks." Plaintiffs also advertise their business via the internet through the domain name rebelshonkytonkhouston.com (the "Rebels Website"). Plaintiffs possess common law service mark rights in the Rebels Marks that are valid,

"Certified as to certification on signature page"

continuing, and enforceable under the federal Lanham Act and applicable Texas state law. Prior to the August 2009 opening of Rebels Honky Tonk, Justin Zack Truesdell was an employee/agent of Plaintiffs, and as such, had knowledge of the Rebels Marks. On information and belief, in November of 2009, Justin Zack Truesdell, Rainbow Cattle Company, Inc., and Rebels Honky Tonk LLC opened a confusingly similar bar at 305 W. 5th Street, Austin, Texas named Rebels Honky Tonk ("Rebels II"). The Rebels II Website, rebelshonkytonkaustin.com, also infringes on the Rebels marks. On June 28, 2010, Justin Zack Truesdell filed an application, which was subsequently granted, with the United States Patent and Trademark Office seeking a trademark on a mark identical to the Rebels Composite Mark. On information and belief, in March of 2012, 26710 North I45 Limited Partnership began further infringing upon the Rebels Marks in connection with a new bar operated at 26710 I-45N, Oak Ridge North, Texas 77386 ("Rebels III"). Rebels III operates an infringing website, rebelswoodlands.com. Justin Zack Truesdell, Rainbow Cattle Co., Inc., Rebels Honky Tonk LLC, and 26710 North I45 Limited Partnership, have knowingly, intentionally, and willfully disregarded Plaintiffs' rights in the Rebels Marks through their use of the Infringing Marks in commerce in their signs, logos, advertisements, press releases, and websites. Additionally, Rebels II and Rebels III have imitated substantial elements of Rebels Honky Tonk's identity including décor, interior design, paintings, logos, signage, and other distinguishing features which constitute the trade dress owned by Plaintiffs.

"Certified as to certification on signature page"

## VI. CAUSES OF ACTION

### COUNT 1: COMMON LAW SERVICE MARK INFRINGEMENT

11. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

12. Plaintiffs own exclusive, valid, and enforceable common-law service mark rights in the Rebels Marks. The Rebels Marks are highly distinctive and well known in the community. Defendants' use of the Infringing Marks and Websites is likely to cause confusion. Defendants' acts constitute intentional trademark infringement in violation of the common law of the State of Texas. As a result of Defendants' conduct, Plaintiffs have suffered damages. Also, Plaintiffs have suffered irreparable harm such that Plaintiffs' remedy at law is not by itself adequate. Accordingly, Plaintiffs are entitled to injunctive relief as requested below.

### COUNT 2: COMMON LAW UNFAIR COMPETITION

13. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

14. The Rebels Marks are highly distinctive and well known in the community. Defendants' conduct is contrary to honest practice in industrial or commercial matters and accepted business ethics. Defendants' actions are likely to cause confusion, permit and accomplish palming off of goods/services produced by Defendants as those associated with Plaintiffs' Rebels Mark, falsely suggest a connection between the parties, and constitute acts of unfair competition with Plaintiffs in violation of Texas common law. Defendants have intentionally traded on the goodwill and reputation Plaintiffs have developed in connection with their Rebels Marks. As a result of

"Certified as to certification on signature page"

Defendants' conduct, Plaintiffs have suffered damages. Also, Plaintiffs have suffered irreparable harm such that Plaintiffs' remedy at law is not by itself adequate. Accordingly, Plaintiffs are entitled to injunctive relief as requested below.

## COUNT 3: INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION UNDER TEX. BUS. & COM. CODE 16.29

15. Plaintiffs re-alleges and incorporate by reference the allegations contained in each preceding paragraph.

16. Plaintiffs assert a cause of action against Defendants under Tex. Bus. & Com. Code 16.29 for injury to business reputation and trademark dilution. Plaintiffs own the Rebels Marks under the common law. Defendants' use of the Rebels Marks has and likely will injure Plaintiffs' business reputation and will dilute the distinctive quality of the trademark. As a result of Defendants' conduct, Plaintiffs have suffered damages. Also, Plaintiffs have suffered irreparable harm such that Plaintiffs' remedy at law is not by itself adequate. Accordingly, Plaintiffs are entitled to injunctive relief as requested below.

## COUNT 4: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER SEC. 43(a) OF THE LANHAM ACT

17. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

18. This claim is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for Defendants' trademark infringement and unfair competition. By virtue of the actions described above, Defendants have unfairly competed with Plaintiffs, and are causing a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or

"Certified as to certification on signature page"

commercial activities by Plaintiffs, all in violation of 15 U.S.C. § 1125 and other applicable federal, state, and common laws. Plaintiffs will suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of Plaintiffs' reputation and goodwill. As a result of Defendants' unlawful conduct, Plaintiffs have been and will continue to be damaged under 15 U.S.C. § 1125(a)(1) of the Lanham Act. Plaintiffs' remedy at law is not by itself adequate to compensate for the injuries inflicted and threatened by Defendants. Defendants' acts are in bad faith, willful and in conscious or reckless disregard for the truth such that this is an exceptional case for which Plaintiffs are entitled to treble damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## VII. CANCELLATION OF DEFENDANTS REGISTRATION

19. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

20. This Court has the same power as the USPTO to cancel a USPTO registration and to award damages to a party injured by a USPTO registration that was procured on the basis of a false or fraudulent statement. See 15 U.S.C. §1119; 15 U.S.C. §1120. On June 28, 2010, Justin Z. Truesdell dba Rebels Honky Tonk filed an application with the United States Patent and Trademark Office for a trademark of the Rebels Marks. According to the declaration signed that is common to all trademark applications, Truesdell certified that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own

"Certified as to certification on signature page"

knowledge are true." The Truesdell Application contains materially false and/or fraudulent statements of fact. Specifically, Truesdell was subjectively aware of Rebles Honky Tonk, the Rebels Marks, and Plaintiffs' priority over Defendants in those marks, at the time that of filing. Truesdell was an employee/agent of Plaintiffs during the period prior to the opening of Rebels in Houston, and thus knew or should have known about Plaintiffs trademark rights in the Rebels marks. Further, Defendant Justin Zack Truesdell's application stated the first use of the mark was on March 11, 2010. However, the Rebels Marks were in prior use before March 11, 2010. Namely, Plaintiffs were using the Rebels Marks since at least August of 2009, as Truesdell was aware from his activities with Plaintiffs at that time. Therefore, the registration resulting from the Truesdell Application should be subject to immediate cancellation pursuant to 28 U.S.C. §2202 and 15 U.S.C. §1119. Further, Plaintiff seeks all recoverable damages caused as a result of such false and/or fraudulent statements.

## VIII. INJUNCTION

21. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

22. The likelihood of confusion between the Plaintiffs' mark and the Defendants' use of the mark will cause irreparable injury to the Plaintiff for which no adequate remedy at law exists. Plaintiffs are the senior user of the Rebels Marks. Defendants are not and have never been licensed to use the Rebels Mark in the operation of their business. Defendants' infringing use of the Rebels Marks has caused public confusion. Defendants' infringing acts have caused damage to Plaintiff through the loss of customers and public confusion. Plaintiffs have no adequate remedy at law for the immediate harm and damage that will be done to Plaintiff if Defendants continue to use the Rebels Marks

"Certified as to certification on signature page"

23. Plaintiff therefore seeks issuance of a permanent injunction against the Defendants under to prevent Defendants from continuing to use the name "REBELS HONKY TONK" and corresponding logo.

## IX. DAMAGES

24. Damages are within the jurisdictional limits of this Court.

## X. JURY DEMAND

Plaintiff demands a jury trial, for which the required fee is tendered.

## XI. PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that Defendants be cited to appear, and that Plaintiffs have judgment against Defendants for:

1. A Permanent Injunction that will directing Defendants to:

A. Immediately transfer the Infringing Domain Name, and any other domain names found to be confusingly similar to the Rebels Marks, to Plaintiff;

B. Immediately remove from public view all Infringing Marks and all similar materials referencing, marketing, or otherwise advertising for sale bar goods or services in connection with the Rebels Marks, including but not limited to print advertisements, press releases, sponsored advertising on internet search engines, Facebook, and Twitter;

C. Immediately cease all use of the name "Rebels Honky Tonk" and the Infringing Domain Name or any other confusingly similar names or terms;

D. Within 10 days, to produce to Plaintiff's attorneys all of Defendants' books, records, and

"Certified as to certification on signature page"

accounts covering all sales made from Defendants' businesses and all available details of all purchases by Defendants of Rebels-branded materials;

E. File with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

2. An Order:

A. Canceling Defendants trademark registrations;

B. Requiring Defendants to account for any and all profits arising from the foregoing acts of infringement, false designation of origin, passing off, misrepresentation, unfair competition, and misappropriation, and trebling such profits for payment to Plaintiff in accordance with 15 U.S.C. §1117, and other applicable laws;

C. Requiring Defendants to pay Plaintiffs compensatory damages, including but not limited to amounts of unjust enrichment, in an amount as yet undetermined caused by the foregoing acts, and trebling such profits for payment to Plaintiff in accordance with 15 U.S.C. § 1117 and other applicable laws;

D. Requiring Defendants to pay Plaintiffs punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendants;

E. Requiring Defendants to pay Plaintiffs' costs and attorneys fees in this action pursuant to 15 U.S.C. § 1117;

F. Requiring Defendants to pay Plaintiffs prejudgment interest at the maximum legal rate permitted by applicable law on each of the foregoing monetary awards; and

"Certified as to certification on signature page"

G. Requiring Defendants to pay Plaintiffs post-judgment interest, at the legal rate;

H. Any further relief the Court deems just and warranted.

Respectfully submitted,

_____
ATTORNEY FOR PLAINTIFFS
MOHAMMAD AYMAN JARRAH,
RESERVOIR, INC.

I, Barbara Gladden Adamick, do hereby Certify __11__ pages in Cause #12-08-08293 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the __5__ Day of __Sept. 2012__
By: _____, Deputy

"Certified as to certification on signature page"