# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RESERVOIR, INC. AND<br>MOHAMMAD AYMAN JARRAH | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | Civil Action No. 4:12cv02756 |
| JUSTIN Z. TRUESDELL,<br>RAINBOW CATTLE CO., INC.,<br>REBELS HONKY TONK LLC, AND<br>26710 NORTH I45 LIMITED<br>PARTNERSHIP | § § § § § § § | |
| DEFENDANTS. | § | JURY TRIAL DEMANDED |

## DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIM

Defendants, Justin Z. Truesdell, Rainbow Cattle Co., Inc., Rebels Honky Tonk LLC, and 26710 North I45 Limited Partnership, hereby file their amended answer and counterclaim.

## A. Admissions and Denials

1. Defendants deny discovery should be conducted under Level 2 pursuant to Texas Rule of Civil Procedure 190.3 because this suit has been removed to Federal Court.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4. Defendants admit that Rainbow Cattle Company Inc. is a Texas corporation as alleged in paragraph 4.

5. Defendants admit that Rebels Honky Tonk LLC is a Texas limited liability company as alleged in paragraph 5.

6. Defendants admit that 26710 North I45 Limited Partnership is organized under the laws of Texas as alleged in paragraph 6.

7. Defendants deny that Justin Zack Truesdell is the general partner of 26710 North I45 Limited Partnership.

8. Paragraph 8 of the petition contains legal assertions to which no responsive pleading is required.

9. Paragraph 9 of the petition contains legal assertions to which no responsive pleading is required.

10. Defendants deny the allegations alleged in paragraph 10.

11. Defendants incorporate and reallege their specific answers to each preceding paragraph, as if set forth herein.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants incorporate and reallege their specific answers to each preceding paragraph, as if set forth herein.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants incorporate and reallege their specific answers to each preceding paragraph, as if set forth herein.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants incorporate and reallege their specific answers to each preceding paragraph, as if set forth herein.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants incorporate and reallege their specific answers to each preceding paragraph, as if set forth herein.

20. Defendants admit the Court has power to cancel a USPTO registration and to award damages. Defendants admit Justin Z. Truesdell d/b/a Rebels Honky Tonk filed an application with the United States Patent and Trademark Office. Defendants deny the remaining factual and legal assertions alleged in paragraph 20.

21. Defendants incorporate and reallege their specific answers to each preceding paragraph, as if set forth herein.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants admit plaintiff is seeking a permanent injunction but deny that they are entitled to such relief.

24. Defendants admit that the damages sought by plaintiffs are within the jurisdictional limits of the Court, but deny that plaintiffs are entitled to such relief.

25. Defendants admit plaintiff demands a jury trial.

26. Defendants deny plaintiffs are entitled to any of the relief requested in paragraphs 1A, 1B, 1C, 1D, 1E, 2A, 2B, 2C, 2D, 2E, 2F, 2G, 2H, in the Prayer for Relief.

## B. Affirmative and Other Defenses

27. Defendants assert the affirmative defenses of waiver, estoppel, and laches.

## C. Counterclaim

28. Defendants hereby assert a counterclaim against plaintiffs. The basis of the counterclaim is trademark infringement under the Lanham Act. Defendant Truesdell has registered a federal trademark for "Rebels Honky Tonk" and a superior right to this mark under the facts of this case. Defendants have established a strong reputation under the mark and have generated strong trademark rights in the nightclub business under federal trademark laws. *See* 15 U.S.C.A. §§ 1114, 1117, 1118, 1125(a).

29. In early 2009, Truesdell and Reservoir, Inc. were business partners. Truesdell developed the "Rebels Honky Tonk" name and concept while partners with Reservoir, Inc. The partnership between Reservoir, Inc. and Truesdell dissolved prior to the opening of a Rebels Honky Tonk in Houston by Reservoir, Inc., which occurred in August, 2009.

30. Rebels Honky Tonk, LLC was formed by Truesdell in September, 2009 and opened a Rebels Honky Tonk in Austin in November 2009.

31. On June 28, 2010, Justin Zack Truesdell filed an application with the United States Patent and Trademark Office for the mark "Rebels Honky Tonk" that was subsequently granted and registered on April 5, 2011.

32. 26710 North I45 Limited Partnership was formed by Truesdell in January 30, 2012 and opened a Rebels Honky Tonk in Oak Ridge North in March 2012.

33. On February 28, 2012, Justin Z. Truesdell sent the plaintiffs a cease and desist letter regarding the trademark Rebels Honky Tonk, to which the plaintiffs did not reply.

34. On August 27, 2012, plaintiffs filed their original petition for trademark infringement in Montgomery County District Court, which was subsequently removed by defendants to the United States District Court for the Southern District of Texas, Houston Division.

35. The foregoing facts demonstrate that defendants have a superior right to the trademark Rebels Honky Tonk and hereby seek a declaratory judgment in this regard and for violations of the Lanham Act as set forth herein. Defendants seek injunctive relief, damages, attorney fees and costs in connection with their counterclaim against plaintiffs.

## C. Prayer

36. For these reasons, defendants Justin Z. Truesdell, Rainbow Cattle Co., Inc., Rebels Honky Tonk LLC, and 26710 North I45 Limited Partnership, ask the court to enter judgment that plaintiff take nothing, assess costs against plaintiff, and award defendants all other relief to which it is entitled in connection with defendants' counterclaim, including injunctive relief, damages, attorney fees, and costs.

Respectfully submitted,

By: /s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Southern District No. 26968
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY-IN-CHARGE FOR DEFENDANTS

OF COUNSEL:

MONSHAUGEN & VAN HUFF, P.C.
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to defendant via electronic service on the 4th day of January, 2013.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF