# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RESERVOIR, INC., et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-2756 |
| | § | |
| JUSTIN Z. TRUESDELL, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this case alleging trademark infringement and other causes of action, Plaintiffs Reservoir, Inc., and Mohammad Ayman Jarrah ("Plaintiffs") have filed a Motion to Strike and Motion for Judgment on the Pleadings [Doc. # 14] ("Motion"). Defendants filed a Response [Doc. # 16], Plaintiffs filed a Reply [Doc. # 17], and Defendants filed a Surreply [Doc. # 18]. The Motion is ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiffs' Motion should be **granted in part** and **denied in part**.

## I.    BACKGROUND

Plaintiffs are Mohammad Ayman Jarrah, an individual, and Reservoir, Inc, a Texas corporation. Plaintiffs own and operate an establishment on Washington

Avenue in Houston called Rebels Honky Tonk ("Rebels Honky Tonk Houston"). Rebels Honky Tonk Houston began operations in August 2009.[1]  Plaintiffs now claim common law trademark rights to the words "Rebels Honky Tonk"; the composite word and design mark featuring a cowboy hat with a star, longhorns, and a sign reading "Rebels Honky Tonk"; and the website rebelshonkytonkhouston.com (collectively, "Plaintiffs' Marks").

Defendants are Justin Z. Truesdell, Rainbow Cattle Company, Inc., Rebels Honky Tonk LLC, and 26710 North I45 Limited Partnership.  Truesdell formed Rebels Honky Tonk, LLC, in September 2009, and he opened an establishment in Austin called Rebels Honky Tonk ("Rebels Honky Tonk Austin") in November 2009.[2] In January 2012, Truesdell formed 26710 North I45 Limited Partnership; shortly thereafter, in March 2012, Truesdell opened a Rebels Honky Tonk in Oak Ridge North, Texas ("Rebels Honky Tonk Oak Ridge").[3]

Before any establishments with the "Rebels Honky Tonk" name were opened, Truesdell had a business relationship with Plaintiff Reservoir.  Plaintiffs state that

---

[1]  First Amended Complaint [Doc. # 19] ("Complaint"), at 3, ¶ 9. Defendants agree that Rebels Honky Tonk Houston opened in August 2009. Defendants' Amended Answer and Counterclaim [Doc. # 12] ("Answer"), at 4, ¶ 29.

[2]  *Id*. at 4, ¶ 30.

[3]  *Id*. at 5, ¶ 32.  The parties also agree on the opening dates for Rebels Honky Tonk Austin and Rebels Honky Tonk Oak Ridge.  *See* Complaint, at 3, ¶ 11; *id*. at 4, ¶ 13.

Truesdell was their employee/agent,[4] while Truesdell claims that he and Reservoir had been business partners.[5]  In any event, both parties agree that the business relationship had ended before Rebels Honky Tonk Houston opened in August 2009.[6] Truesdell claims that he personally had developed the Rebels Honky Tonk name and concept during his partnership with Reservoir.[7]

On June 28, 2010, after both the Houston and Austin establishments had opened, Truesdell filed an Application with the United States Patent and Trademark Office ("PTO") for the mark using the words "Rebels Honky Tonk."[8]  The mark featured a cowboy hat with a star, longhorns, and a sign bearing the words "Rebels Honky Tonk."[9]  The PTO granted the Application, and the mark was registered on April 4, 2011 ("Truesdell's Mark").[10]

On February 28, 2012, Truesdell's counsel sent a "cease and desist" letter to

---

[4]    *Id*. at 3, ¶ 10.

[5]    Answer, at 4, ¶ 29.

[6]    *Id.* (partnership between Reservoir and Truesdell dissolved prior to the opening of Rebels Honky Tonk Houston in August 2009); Complaint, at 3, ¶ 10 (Plaintiffs fired Truesdell prior to the opening of Rebels Honky Tonk Houston in August 2009).

[7]    Answer, at 4, ¶ 29.

[8]    *Id*. ¶ 31; Complaint, at 4, ¶ 12.

[9]    Truesdell Trademark Application, Serial Number 85072719, filed June 28, 2010 (Exhibit 2 to Motion) ("Application").

[10]    Answer, at 4, ¶ 31.

Plaintiffs claiming that Rebels Honky Tonk Houston was infringing on his registered Mark.[11]

On August 27, 2012, Plaintiffs filed this action in the 9th District Court of Montgomery County, Texas.  Plaintiffs claim that they have common law trademark rights in their Marks, and allege that Rebels Honky Tonk Austin and Rebels Honky Tonk Oak Ridge are infringing upon their Marks.[12]  Defendants removed the case to this Court on September 13, 2012.[13]  Plaintiff's Complaint, amended on February 28, 2013,  alleges the following causes of action:

(1)   common law trademark infringement;

(2)   common law unfair competition;

(3)   injury to business reputation and trademark dilution under Texas Business and Commerce Code § 16.29;

(4)   trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

(5)   trade dress infringement under Section 43 of the Lanham Act.

Plaintiffs seek cancellation of the registration of Truesdell's Mark, among other

---

[11]   Answer, at 5, ¶ 33; Letter from Van Huff to Plaintiff Jarrah, dated Feb. 28, 2012 (Exhibit C to Response).

[12]   Plaintiffs further allege that the websites used by Rebels Honky Tonk Austin and Rebels Honky Tonk Oak Ridge infringe on their Marks.  Complaint, at 3-4, ¶¶ 11 & 13.

[13]   Notice of Removal [Doc. # 1].

remedies.  Defendants have brought a counterclaim alleging trademark infringement under the Lanham Act and arguing that Defendants have a superior right to the Marks used by Plaintiffs.

## II.   <u>RULE 12 STANDARDS</u>

Plaintiffs invoke Rule 12(c) and 12(f) of the Federal Rules of Civil Procedure. Rule 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[14]  "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[15]  The legal standards governing a motion under Rule 12(c) are the same as those governing a motion under Rule 12(b)(6).[16]

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[17]  The Supreme Court has

---

[14]   FED. R. CIV. P. 12(c).

[15]   *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir.1990).

[16]   *Gentilello v. Rege*, 627 F.3d 540, 543-54 (5th Cir. 2010)*; Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[17]   *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired,*
(continued...)

explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.[18]  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19]   The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief.[21]  This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense.[22]

In considering a motion to dismiss, a court ordinarily must limit itself to the

---

[17]     (...continued)
Inc., 565 F.3d 228, 232 (5th Cir. 2009); Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005).

[18]     See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Harrington, 563 F.3d at 147.

[19]     Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

[20]     Id. (quoting Twombly, 550 U.S. at 570);  Patrick v. Wal-Mart, Inc., 681 F.3d 614, 617 (5th Cir. 2012).

[21]     Iqbal, 556 U.S. at 679.

[22]     Id.

contents of the pleadings and attachments thereto.[23]   Documents "that a defendant

attaches to a motion to dismiss are [also] considered part of the pleadings if they are

referred to in the plaintiff's complaint and are central to her claim."[24]   "In so attaching,

the defendant merely assists the plaintiff in establishing the basis of the suit, and the

court in making the elementary determination of whether a claim has been stated."[25]

These presumably are documents whose authenticity no party questions.[26]

Plaintiff's Motion also relies upon Rule 12(f), which permits a court to strike

from a pleading "an insufficient defense or any redundant, immaterial, impertinent,

or scandalous matter."[27]   Motions to strike are infrequently granted.[28]   "Striking an

affirmative defense is warranted if it cannot, as a matter of law, succeed under any

---

[23]   *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)); FED. R. CIV. P. 12(d).

[24]   *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

[25]   *Collins*, 224 F.3d at 499.

[26]   *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

[27]   FED. R. CIV. P. 12(f).

[28]   *Augustus v. Board of Public Instruction of Escambia County, Florida,* 306 F.2d 862, 868 (5th Cir. 1962); *U.S. v. Cushman & Wakefield, Inc.,* 275 F. Supp. 2d 763, 767 (N. D. Tex. 2002) (Fish, C.J.).

circumstance."[29]

## III.   ANALYSIS

### A.   Rule 12(c) Motion for Judgment on the Pleadings

Plaintiffs allege that Defendants copied Plaintiffs' Marks and thus are liable for trademark infringement.  Plaintiffs claim that they acquired common law trademark rights in their Marks, and that those rights are enforceable under the Lanham Act and under Texas law.  Defendants, in turn, counterclaim that Plaintiffs' use of the Rebels Honky Tonk name and logo violates the Lanham Act by infringing on Truesdell's Mark, which they registered with the PTO.  Because the parties agree on the dispositive facts, the issue of liability for trademark infringement is ripe for decision.

Section 43(a)(1) of the Lanham Act provides as follows:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A)   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B)   in commercial advertising or promotion, misrepresents the

---

[29]   *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

nature, characteristics, qualities, or geographic origin of his
or her or another person's goods, services, or commercial
activities,

shall be liable in a civil action by any person who believes that he
or she is or is likely to be damaged by such act.[30]

Under Section 43(a), a party alleging trademark infringement must show two
elements: (1)  ownership in a legally protectible mark, and (2) a likelihood of
confusion in the minds of potential customers caused by the infringer's use of the
mark.[31]  Marks that are not registered with the PTO also are protected under the
Lanham Act.[32]

Ownership of a mark is established by use in the market, not by registration.[33]

As stated in a leading treatise,

Neither application for, nor registration of, a mark at the federal level
wipes out the prior nonregistered, common law rights of others. The
nonregistered rights of a senior user continue and are not trumped by the

---

[30]     15 U.S.C.A. § 1125(a)(1).

[31]     *Bd. of Supervisors for La. State Univ. Agric. and Mech. Coll. v. Smack Apparel Co*.,
550 F.3d 465, 474 (5th Cir. 2008).

[32]     *Two Pesos, Inc., v. Taco Cabana, Inc*., 505 U.S. 763, 768 (1992) ("[Section 43(a) of
the Lanham Act] protects qualifying unregistered trademarks" and "prohibits a
broader range of practices than does Section 32, which applies to registered marks")
(internal quotation marks and citation omitted); *Smack Apparel*, 550 F.3d at 475.

[33]     *Smack Apparel*, 550 F.3d at 475; *Union Nat'l Bank of Tex., Laredo v. Union Nat'l
Bank of Tex., Austin*, 909 F.2d 839, 842 (5th Cir. 1990).

later federal registration of a junior user.[34]

The "senior user" who first uses the mark in the marketplace "is entitled to enjoin other 'junior' users from using the mark, or one that is deceptively similar to it."[35]

Defendants do not dispute that Plaintiffs opened Rebels Honky Tonk Houston in August 2009. Defendants' own pleadings state that Truesdell did not open Rebels Honky Tonk Austin until November 2009. Rebels Honky Tonk Oak Ridge was then opened in March 2012. By Defendants' own allegations, therefore, Plaintiffs have ownership of Plaintiffs' Marks by virtue of their priority of use in the market. Truesdell's registration of his Mark does not establish ownership.[36]

Truesdell also cannot show ownership of the mark by proving that, as he alleges, he personally designed the Rebels Honky Tonk name and logo during his association with Plaintiffs before August 2009.[37] Ownership of the mark is established not by proof regarding who actually conceived of the logo or concept at

---

[34]    2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 16:2 (4th ed.) (footnote omitted).

[35]    *Union Nat'l Bank*, 909 F.2d at 842-43.

[36]    *Id*. *See Children's Legal Servs. PLLC v. Kresch*, 545 F. Supp. 2d 653, 661-62 (E.D. Mich. 2008) (because the record unambiguously established priority of use by one party, "the issue of the registration of the marks by [the opposing party] amounts to a red herring"), *aff'd sub nom. Children's Legal Servs., P.L.L.C. v. Saiontz, Kirk & Miles, P.A.*, 08-1677, 2009 WL 1868809 (6th Cir. June 18, 2009).

[37]    *See* Answer, at 4, ¶ 29; Response, at 6.

issue, but rather by use of the Marks in the marketplace.[38]   Moreover, even if Defendants could establish that Truesdell was in a partnership with Plaintiff Reservoir, as Defendants claim, Defendants concede that the partnership had dissolved before Plaintiffs' Marks were used in commerce in August 2009.[39]

The record therefore establishes that Plaintiffs have ownership of Plaintiffs' Marks based on their priority of use.

The second element of an infringement action is the likelihood of confusion among potential consumers, which ordinarily is a question of fact.[40]   However, in this case, the parties agree that Plaintiffs' Marks are identical to the Truesdell's Mark, and both sides claim that the other is infringing their trademark.   There is, therefore, no dispute that customers are likely to be confused by the parties' simultaneous use of the Rebels Honky Tonk name and logo.

---

[38]   2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 16:11 (4th ed.) ("Unlike patent law, rights in trademarks are not gained through discovery or invention of the mark, but only through actual usage. Trademark priority is not granted to the person who was first to conceive of the idea of using a given symbol as a mark. . . . The mere fact that a party conceived the idea of a trademark and discussed it with others does not establish priority as of the date of those events. Similarly, no priority of use is created as of the date that a party announced to a few persons that he intended to use a certain designation as a mark.") (footnotes omitted).   *See Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260, 1264-65 (5th Cir. 1975);   *Malibu, Inc. v. Reasonover*, 246 F. Supp. 2d 1008, 1014-15 (N.D. Ind. 2003)

[39]   Answer, at 4, ¶ 29.

[40]   *Smack Apparel*, 550 F.3d at 474.

The Court therefore holds that, based on undisputed facts in Defendants' pleadings, Defendants have infringed upon Plaintiffs' Marks and are liable for infringement under Section 43(a) of the Lanham Act.  The Court does not reach the question of the appropriate remedy for the infringement.  Although Plaintiffs have requested cancellation of the Mark registered to Truesdell, the issue of cancellation—and all other issues regarding potential remedies—have not been fully briefed and are not ripe for decision at this time.

## B.   Rule 12(f) Motion to Strike

As stated above, Rule 12(f) permits a court to strike an insufficient defense, if the defense "cannot, as a matter of law, succeed under any circumstance."[41] Defendants' pleadings assert the affirmative defenses of waiver, estoppel, and laches.[42]  Plaintiffs move to strike, arguing that these defenses are insufficient as a matter of law because the defenses are equitable, and because Defendants engaged in fraud when procuring the trademark at issue.[43]

Plaintiffs' motion to strike is denied.  The Court declines to deprive Defendants of the asserted equitable defenses at this stage of the litigation.  Among other issues,

---

[41]   *Renda*, 709 F.3d at 479.

[42]   Answer, at 4, ¶ 27.

[43]   Motion, at 9-12 (arguing that, in his application for trademark registration, Truesdell knowingly made a false declaration as to Plaintiffs' prior use of the mark)

the Court notes that Plaintiffs have asserted claims other than their trademark infringement claims, which are the only claims that have been briefed to date, and that Defendants' invocation of equitable defenses may not be limited to Plaintiffs' trademark infringement claim.

## IV.   <u>CONCLUSION</u>

The Court concludes that Plaintiff has shown ownership of Plaintiffs' Marks and that Defendants are liable for trademark infringement under Section 43(a) of the Lanham Act.  The Court does not reach questions regarding appropriate remedy for the infringement, nor does the Court reach any other claims pending in this lawsuit.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs'  Motion to Strike and Motion for Judgment on the Pleadings [Doc. # 14] is **GRANTED in part** and **DENIED in part**.  Judgment on the pleadings is **GRANTED** as to Defendants' liability for trademark infringement under Section 43(a) of the Lanham Act.  Plaintiffs' Motion is in all other respects **DENIED**.

SIGNED at Houston, Texas, this 30<u>th</u> day of **April, 2013**.

Nancy F. Atlas
United States District Judge