IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RESERVOIR, INC. AND<br>MOHAMMAD AYMAN JARRAH | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | Civil Action No. 4:12cv02756 |
| JUSTIN Z. TRUESDELL,<br>RAINBOW CATTLE CO., INC.,<br>REBELS HONKY TONK LLC, AND<br>26710 NORTH I45 LIMITED<br>PARTNERSHIP | § § § § § § § | |
| DEFENDANTS. | § | JURY TRIAL DEMANDED |

## DEFENDANTS' PROPOSED FINDINGS OF FACT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Justin Z. Truesdell, Rainbow Cattle Co., Inc., Rebels Honky Tonk LLC, and 26710 North I45 Limited Partnership, hereby file their proposed findings of fact.

1. Truesdell was in a partnership with plaintiffs when he invented and developed the mark and trade dress at issue in this case.

2. The partnership between Truesdell and plaintiffs dissolved before the mark was used in commerce.

3. Defendants are no longer using the mark in commerce.

4. Defendants authorized Truesdell to use the mark and trade dress at issue.

5. Defendants did not engage in fraud with regard to their USPTO trademark application.

6. Plaintiffs intentionally relinquished any exclusive right to the mark at issue.

7. Plaintiffs engaged in intentional conduct inconsistent with claiming an

exclusive right to the mark.

8. There was an inexcusable delay on the part of plaintiffs in enforcing any right to exclusive use of the mark and trade dress and defendants relied on the inexcusable dely and communications of plaintiffs.

9. Plaintiffs knew or should have known of defendants' use of the mark and trade dress.

10. Plaintiffs' conduct implied that it had no objection to defendants' use of the mark and trade dress.

11. Defendants have built up their business under the assumption that they could use the mark and it would be unjust to allow plaintiffs to force defendants to stop using the mark.

12. Defendants relied on plaintiffs' representation that defendants could use the mark and trade dress at issue.

13. Plaintiffs have not suffered a commercial injury or damages as a result of defendants' use of the mark and trade dress at issue.

14. Plaintiffs lose business as a result of defendants' use of the mark and trade dress at issue.

15. Plaintiffs' business and defendants' businesses are in different geographical locations.

16. Due to the fact that plaintiffs and defendants, it is unlikely that they share many customers.

17. Defendants' use of the mark and trade dress at issue have built a positive reputation for the mark.

18. Defendants use of the mark has not caused patrons to cease going to plaintiffs' location and instead go to defendants' locations.

19. Defendants have no profited from their use of the mark and trade dress at issue.

Respectfully submitted,

By: /s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Southern District No. 26968
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY-IN-CHARGE FOR DEFENDANTS

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to defendant via electronic service on the 23rd day of January, 2013.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF